**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

KENNETH PLULIK,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

    CRIMINAL CASE NO. 06-CR-20232
    CIVIL CASE NO. 08-CV-10384

    DISTRICT JUDGE THOMAS LUDINGTON
    MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 24)

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**. It is further recommended that Petitioner's Motion for Transcript and for Leave to File Supplemental Pleading (Doc. 37) be denied.

**II.**    **REPORT**

    **A.**    **Introduction**

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington (Doc. 29), is the above-entitled motion to vacate Petitioner's federal custodial sentence filed under 28 U.S.C. § 2255. Respondent filed a response (Doc. 34) and Petitioner filed a reply. (Doc. 35.) I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Procedural History**

On May 4, 2006, Petitioner was charged in a three-count indictment with: (I) establishment of a manufacturing operation under 21 U.S.C. § 856(a)(1); (II) manufacturing a controlled substance (methamphetamine) under 21 U.S.C. § 841(a)(1); and (III) possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1).  (Doc. 3.)  Petitioner pleaded guilty to Count II on April 26, 2007, pursuant to a Rule 11 plea agreement.  (Doc. 19.)  The plea agreement noted that the "parties disagree on the applicability of the following guideline(s):  Guideline 2D1.1(b)(8)(B) requires that the base offense level be no less than 27 if there was a risk of harm to human life or the environment [and] [t]he government contends that the chemicals used in the operation of a clandestine lab cause harm to both people and to the environment."  (Doc. 19 at 2.) The government therefore "recommends that the Court determine that defendant's guideline range is 51 to 63 months . . . ."  (*Id.*)  The agreement also stated that "Defendant recommends that the Court determine that his guideline range is lower by finding that the disputed guideline, noted above, is not applicable."  (*Id.*)

Petitioner argues that he was "told this was a contract between the government and I . . . [and] it states [that the court] can not go over high end of guideline which is 63 months but could go under low end which was 51 months.  This is what I plead guilty to."  (Doc. 24 at 4.)

The plea agreement also provided that the "Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation."  (Doc. 19 at 3.)  However, the agreement stated that "[p]ursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range recommended by the government" and that "Defendant may withdraw from this

2

agreement, and may withdraw his guilty plea, if the court decides to impose a sentence higher than the maximum allowed by Part 3." (Doc. 19 at 4, 5.) The maximum allowed by Part 3 and the top of the sentencing guideline range was 63 months. Rule 11(c)(1)(C) provides that the "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement)."

At the sentencing hearing, Petitioner's counsel noted that "in the initial plea agreement . . . the guideline range was calculated at 51 to 63 months [] based on a Criminal History Category of a Level 1 [however,] [u]nbeknownst to myself as well as, it would appear, [] the Assistant U.S. Attorney handling this matter, there were additional misdemeanors that were not reflected that – that I had no knowledge of." (Doc. 38 at 5.) The additional misdemeanors changed the Criminal History Level. (*Id.*) Petitioner's counsel noted that Petitioner had an opportunity to review the presentence investigation report and indicated that the criminal history, including the additional misdemeanors, was accurate. (*Id.* at 5-6.) Petitioner indicated that he did not agree with the change in guideline range but understood the reason for the change, and agreed that the information in the presentence investigation report was accurate. (*Id.* at 6-8.)

**C.     Governing Law**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim

unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

### D.     Analysis and Conclusions

Petitioner argues that his plea of guilty was dependent on a sentencing range of 51 to 63 months but he then was actually sentenced to 70 months' imprisonment. (Doc. 24 at 4.) However, at his sentencing hearing, Petitioner agreed that the information gleaned after the Rule 11 agreement was entered into regarding his criminal history was accurate and, thus, that the guideline range of 63 to 78 months was also accurate. (Doc. 38 at 5-8.) The government notes that because the court imposed a sentence higher than the recommendation in the Rule 11 agreement, Petitioner had a right to withdraw from the plea agreement but chose not to do so and instead decided to proceed with sentencing. (Doc. 34 at 2-3.) The docket further reveals that Petitioner did not move to withdraw his guilty plea, nor did he file an appeal of his sentence.

Petitioner has not stated cause or actual prejudice for his failure to withdraw his plea or appeal his sentence. Since Petitioner agreed that the scoring of the guideline range was accurate, any challenge to the sentence imposed would have been without merit and could not constitute actual prejudice. There is simply no error alleged here, let alone egregious error constituting grounds for relief. In addition, absent fundamental unfairness, § 2255 cannot be used to attack

non-constitutional errors in sentencing. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *Allen v. United States*, 71 F. Supp. 2d 784, 788 (N.D. Ohio 1999). I suggest that there can be no fundamental unfairness where, as here, Petitioner conceded that the revised criminal history was accurate and thus that the revised guideline range was appropriate and where Petitioner was sentenced in the middle of that range.

Therefore, I suggest that Petitioner's motion to vacate sentence be denied and the Petition dismissed with prejudice. As a result, I further recommend that Petitioner's motion for transcript and to file supplemental pleading (Doc. 37) be denied as moot and futile, respectively.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                        s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: June 29, 2009                 United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Kenneth Plulik #40754039, Lexington Federal Medical Center, Inmate Mail/Parcels P.O. Box 14500, Lexington, KY 40512.


Date:  June 29, 2009            By      s/Patricia T. Morris
                                                  Law Clerk to Magistrate Judge Binder