UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Case Number 06-20232
v.                                           Honorable Thomas L. Ludington

KENNETH PLULIK,

        Defendant.

_____ /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION TO VACATE SENTENCE**

On May 3, 2006, a grand jury indicted Defendant Kenneth Plulik of three methamphetamine-related felonies. Dkt # 3. On January 29, 2007, the government and Defendant entered into a plea agreement in which Defendant agreed to plead guilty of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See* dkt. # 19. The plea agreement calculated the applicable guideline range to be 51 to 63 months. *Id.* at ¶ 2(B). The presentence report, however, recommended a guideline range of 63 to 78 months because Defendant had prior misdemeanor convictions that were not contemplated when calculating the guideline range in the plea agreement. On April 26, 2007, the Court sentenced Defendant to serve a term of 70 months imprisonment. *See* dkt. # 20.

On January 28, 2008, Defendant filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. The motion contends that his guilty plea was contingent on receiving a sentence in the range of 51 to 63 months and because his sentence exceeded 63 months he should have been able to withdraw his guilty plea. On June 29, 2009, on referral from this Court, Magistrate Judge Charles E. Binder issued a report and recommendation that the Court deny the motion. Dkt. # 39. Petitioner

filed a timely objection. Dkt. # 40. After consideration of the record and relevant pleadings, the Court will **ADOPT** the report and recommendation, **OVERRULE** the objection, and **DENY** the motion.

A

On January 29, 2007, the parties entered a plea agreement pursuant to Fed. R. Civ. P. 11. Dkt. # 19. In exchange for pleading guilty to count two of the indictment, the government recommended that Defendant's guideline range was 51 to 63 months. The parties agreed that Defendant's adjusted offense level was 27 with a 3-point adjustment for acceptance of responsibility. *Id.* at worksheet D. With respect to criminal history, the guideline range worksheet indicated that Defendant has no criminal history.

The plea agreement provided the following provision:

> The Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation.
>
> If the Court finds:
>
> a) that Defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> *            *            *
>
> and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range.

*Id.* at ¶ 2(B). The plea agreement also contains the following provision addressing Defendant's right to withdraw from the agreement:

> Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed . . . This is the only reason for which defendant may withdraw from this agreement. The

-2-

Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed . . . .

*Id.* at ¶ 6.

Prior to the sentencing hearing, the probation department learned that Defendant had been convicted of misdemeanors, which placed Defendant in Criminal History Category 3 and added 6 points to his offense level. At the April 26, 2007 sentencing hearing, counsel for Defendant addressed the applicable sentencing guideline as follows:

Ms. Gracey:   I would like the record to reflect that initially, in the initial plea agreement that my client entered into, the guideline ranger was calculated at 51 to 63 months.  That was based on a Criminal History Category of a level 1.

Unbeknownst to myself as well as, it would appear, Ms. Marion, the Assistant U.S. Attorney handling this matter, there were additional misdemeanors that were not reflected that – that I had no knowledge of.

Be that as it may, that's what changed the criminal history level.

My client has had an opportunity to review the Probation Department's presentence investigation report and had his own copy, it was forwarded to him, and he had an opportunity to go over it and respond in writing back to me.

I then responded in writing to the Probation Department as it related to each and every one of the allegations that were stated forth, including the criminal history.

Based on the fact that the criminal history would appear to be accurate and my client has not given me any cause to believe that it's not, that does not change the criminal history, and so the new guideline range would be 63 to 78 months.

It's reflected in the Rule 11 agreement that in order for my client to be able to withdraw his guilty plea, one exception is that if the criminal history is determined to be the wrong level, that that is not cause for him to withdraw his plea, and I have explained that to Mr. Plulik even as late as this afternoon.  Earlier I arrived over two hours early to discuss this matter with him.

So I would just like for the Court to allow me to – and I'm sure the Court will, in questioning my client, to ask him whether or not he understands the difference between the guideline range, albeit disappointed that it did not – it's not

51 to 63 months, but given the change of the – of having the information regarding his criminal history, that it changes it to 63 to 78 months.

And I would just like to ask Mr. Plulik on the record to acknowledge to the Court whether or not you do understand the change in the guideline and the reason being because of your criminal history.

Do you understand that?

The Defendant:          I understand.  I don't agree with it though.

Ms. Gracey:    But you do understand the difference and the reason for the change in the guideline range.

The Defendant:              Yes, but I was under the impression also that by – the Rule 11 was like entering a contract with the government, which by signing that and agreeing to that, with the pretrial services and the stuff set forth in there, that there was enough information to base the contract, or so I was explained to, being 51 to 63 months, and then, I mean, we're talking doubling here, and that's a lot.

I'd like to, you know, – I'm not trying to be rude or difficult here, but my freedom means a lot to me, and I was quite surprised when it come back that way. Had no prior felonies.  They're misdemeanor convictions.  I'm not saying that that's a great thing, either, but –

The Court:       But the key thing we want to be sure that you understand is the fact that the initial set of guidelines that would have been reviewed in conjunction with the Rule 11 agreement did not take into consideration the full extent of your criminal history.

That's what has changed, is a more complete understanding of your earlier convictions.

And it does have the impact on the guidelines, fairly dramatic, and I most certainly can understand that you were surprised.

Equally, at least at this juncture, the question, I think, is simply to verify that indeed the criminal history that we've been furnished and that we have used in reaching the guidelines that we are working with today is accurate.

You've had a chance to review the summary of your criminal history.

The Defendant:          Yes.

-4-

The Court:        And to do that with Ms. Gracey?

The Defendant:          Yes.

The Court: Do you understand the fact that the initial set of guidelines, the initial range that you had reviewed, was based on the assumption that there would only be a single criminal point – criminal history point and that indeed, if this information is accurate, it is actually a total of six?

Is this information accurate?

The Defendant:          Yes. Yes.  See, I was just confused by how it was worded and it also stating that – how it states that it wouldn't be gone over.

They didn't explain nothing to me about criminal categories going up and the guideline range jumping almost double, you know.  That was my only –

Dkt. # 38 at 5-8.  After defense counsel confirmed that she reviewed the plea agreement with Defendant in person and by telephone, counsel declined an opportunity to advance any further challenges to the guideline range.  *Id.* at 9.  Defendant did not request to withdraw from the plea agreement before, during, or after the sentencing hearing.  The Court ultimately sentenced Defendant to a term of 70 months.  The Court also instructed Defendant that he had ten days to file a notice of appeal.  *Id.* at 20.

On January 28, 2008, Defendant filed the motion to vacate sentence, which alleges that his guilty plea "was unlawfully induced or with[out] understanding of nature of charge and the consequence of plea."  Dkt. # 24 at 4.  Defendant asserts that he understood the plea agreement to guarantee his maximum criminal exposure to be 63 months imprisonment.  *Id.*  He further avers that his counsel urged him to accept agreement, only learning at the sentencing hearing that the guideline range increased.  *Id.*

-5-

B

"Under [28 U.S.C.] § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it 'was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979). A defendant has the burden of demonstrating "a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *Hughey v. United States*, 495 U.S. 411 (1990)). As the magistrate judge noted, "a court is generally precluded from reviewing the merits of a claim not advanced on direct appeal unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence." Dkt. # 40 at 3-4 (citing *Reed v. Farley*, 512 U.S. 339, 354-55 (1994) and *United States v. Frady*, 456 U.S. 152, 167-68 (1981)). A claim of ineffective assistance of counsel, however, may initially be brought in a post-conviction motion under § 2255. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).

C

The magistrate judge recommended denying the petition because Defendant has not demonstrated actual prejudice. The magistrate judge noted that Defendant agreed that the revised guideline range was based on accurate information concerning his criminal history. In addition, Defendant did not assert his right to withdraw from the plea agreement, instead proceeding with sentencing. Consequently, the magistrate judge concluded that Defendant had not demonstrated that he suffered actual prejudice.

Defendant objected to the report and recommendation, advancing three distinct legal arguments: (1) his counsel was ineffective because she did not oppose the application of the revised guideline range (2) this Court's application of the revised guideline range violated Defendant's right to due process; and (3) his counsel was ineffective because she did not file a notice of appeal at his request.  The Court is not persuaded by these arguments.

To show a violation of his constitutional right to counsel, Defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  While Defendant argues that counsel did not sufficiently oppose the application of the revised guideline range, the record does not support this assertion.

The record demonstrates that all involved parties, including Defendant himself, agreed that the guideline range in the plea agreement did not consider Defendant's full criminal history.  In addition, counsel informed Defendant of his right to withdraw his plea.  Defendant confirmed this fact on the record.  While Defendant disagreed with the application of a higher guideline range, at no point in the hearing did Defendant ask to withdraw his plea.  Thus, there is no indication that counsel did not act objectively reasonably in light of the circumstances.

Likewise, Defendant's due process claim fails for the similar reasons.  While Defendant argues that the Court was bound to the guideline range in the plea agreement, his view does not account for the fact that he did not withdraw from the agreement at the hearing.  Rather, after a discussion of the revised guideline range and the reason for the change, Defendant chose to continue with the sentencing.

Finally, the Court also is unpersuaded by his ineffective assistance of counsel claim

-7-

predicated on counsel's alleged failure to file a notice of appeal.  First, the claim is time-barred.  A claim under § 2255 must be brought within a year of the judgment or the date which the facts supporting the claim could have been discovered.  28 U.S.C. § 2255(f).  Here, the objection argues that Defendant requested counsel to file a notice of appeal "right after" the sentencing hearing, but counsel "erroneously told her client that he had waived his right of appeal."  Dkt. # 41 at 3.  While the motion was timely filed, Defendant did not address his failure to file a timely appeal or suggest that his counsel ignored his request to appeal.  *See* dkt. # 24 at 3-5.  Indeed, the standardized § 2255 motion completed states: "Caution: If you fail to set forth all ground [sic] in this motion, you may be barred from presenting additional grounds at a later date."  *Id.* at 3.  This claim does not relate back to Defendant's timely-filed motion.  *See Evans v. United States,* 284 F.App'x 304, 313 (6th Cir. 2008) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Even if Defendant raised this argument in a timely fashion, he can not state a claim for ineffective assistance of counsel.  As discussed above, Defendant waived his opportunity to withdraw his guilty plea and consented to sentencing under the revised guideline range.  The record is clear that he was advised of his opportunity to withdraw from the plea agreement but chose to proceed.  Consequently, the Court agrees with the magistrate judge that Defendant has "simply alleged no error, let alone egregious error constituting grounds for relief."

The Court will also adopt the magistrate judge's recommendation to deny Defendant's motion for transcripts and to file supplemental pleadings.  Based on the record and arguments advanced, granting either requested relief would be futile.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 39] is **ADOPTED** and Defendant's objection [Dkt. # 40] is **OVERRULED**.

-8-

It is further **ORDERED** that Defendant Kenneth Plulik's motion to vacate sentence under 28 U.S.C. § 2255 [Dkt. # 24] is **DENIED**.

It is further **ORDERED** that Defendant's motion for transcript and to file supplemental pleading [Dkt. # 37] is **DENIED** as futile.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 10, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS