UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Civil No. 06-20232
                                              Honorable Thomas L. Ludington

v.

KENNETH PLULIK,

                Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Kenneth Plulik entered a guilty plea to one count of manufacturing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and was sentenced to seventy months in prison on April 26, 2007. On January 28, 2008 he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that it exceeded the sixty-three-month limit imposed by Federal Rule of Criminal Procedure 11(c)(1)(C). The Court referred the motion to Magistrate Judge Charles E. Binder, and on August 10, 2009 issued an order adopting the Magistrate Judge's recommendation and denying the motion to vacate Defendant's sentence because Defendant was offered an opportunity to withdraw his guilty plea and declined. Now before the Court is Defendant's "motion to alter or amend judgment" [Dkt. # 43] filed pursuant to Federal Rule of Civil Procedure 59(e).[1] The motion does not "demonstrate a palpable defect by which the court and the parties [were] misled" and consequently must be **DENIED**. E.D. Mich. L.R. 7.1(g).

"[T]he court will not grant motions for . . . reconsideration that merely presents the same

---

[1]The August 10, 2009 order was not a "judgment," and consequently, Rule 59(e) is not the proper vehicle for relief. Defendant's "motion to alter or amend judgment" will be construed as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g).

issues ruled upon by the court . . . .  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(g).  A defect is "palpable" if it obviously misstates material facts or commits a "clear error of law."  *See Hayes v. Norfolk Southern Corp.*, 25 F. App'x 308, 315 (6th Cir. Dec. 18, 2001) (explaining the justifications for amending a judgment pursuant to Rule 59(e)).

Defendant argues in his motion for reconsideration that the Court made a clear error of law when it held that sentencing him to 70 months in prison was not a violation of the plea agreement because he was offered an opportunity to withdraw his guilty plea before the Court accepted the agreement.[2]  He also argues that the Court made a clear error when it held his ineffective assistance of counsel claim was time barred because he first raised the claim in his timely § 2255 motion, which was filed on January 28, 2008.  As to the first contention, he arguess in his motion for reconsideration that:

> The Court has hinged its § 2255 ruling al most exclusively on the fact that Mr. Plulik did not withdraw from the Rule 11 plea agreement at sentencing.  This ignores the premise of Mr. Plulik's claims that under the terms of his plea agreement his sentence was controlled by Rule 11(c)(1)(C).  By not first considering the full impact the Rule 11(c)(1)(C) provision of the plea agreement has on the agreement the Court committed a clear and unmistakable error of law that should be corrected.

Mot. to Alter or Am. J. at 2; [Dkt. # 21].

Federal Rule of Criminal Procedure 11(c)(1)(C) provides:

**(1) In General.**  An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement.  The

---

[2]The first objection is phrased as an ineffective assistance of counsel claim and also as a due process claim.  Both will be considered together because they raise essentially the same objection.

court must not participate in these discussions.  If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

. . .

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C).

Defendant is correct that once the Court accepts a Rule 11 plea agreement, the specific sentence or sentencing range called for by the agreement is binding on the Court just like it is on the parties.  *Id.*  In this case, paragraph 3(A) of the plea agreement provides that "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range recommended by the government as described in Paragraph 2B."  Consequently, once the Court accepted the plea agreement, it could not impose a sentence greater than the sentence described in paragraph 2(B).  Paragraph 2(B) provided, inter alia, "[t]he government recommends that the Court determine that defendant's guideline range is 51 to 63 months, as set forth on he attached worksheets."  However, before the Court accepted the plea agreement at the April 26, 2007 sentencing hearing it made clear to defendant and his counsel that the applicable guideline range had changed because of new information about Defendant's criminal history.  After informing Defendant that he could be sentenced to 78 months, the Court accepted the plea agreement and sentenced Defendant to seventy months in prison.  Defendant's options were to withdraw his guilty plea and proceed to trial, or accept a sentence of up to 78 months.  Defendant chose not to withdraw his plea.  Defendant is not entitled to reconsideration of the Court's decision on the application of Rule 11(c)(1)(C).

Defendant next objects to the Court's conclusion that his ineffective assistance of counsel

was time barred.  Indeed, Defendant asserted in his original motion that "[he] wrote a letter to [his] lawyer asking to appeal [his] sentence."  [Dkt. # 1 at 3].  But contrary to his assertion in his motion, he has not provided a copy of that letter to the Court.  Moreover, even if the Defendant's ineffective assistance of counsel claim was not time barred, the Court also noted that his counsel's assistance was not constitutionally defective.  His counsel advised him of his opportunity to withdraw his guilty plea and he elected not to.  He did not have a right to appeal a sentence imposed in accordance with a correctly scored criminal history.  [Dkt. # 42 at 8].

Defendant entered a guilty plea pursuant to a plea agreement calling for a sentence between 51 and 63 months.  Before it was accepted by the Court on April 26, 2007, he was informed that a revised criminal history score could lead to a sentence of up to 78 months.  Defendant had two options at that point; he could withdraw his guilty plea and proceed to trial or he could accept that his ultimate sentence could be up to 78 months and proceed to sentencing.  His counsel, and the Court, informed him of his options and he elected to proceed to sentencing.  No error was committed that merits relief pursuant to 28 U.S.C. § 2255.

Accordingly, the motion to alter or amend the Court's judgment [Dkt. # 43] is **DENIED WITH PREJUDICE**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 23, 2009

-4-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS